Richard A. Madsen, Jr. (SBN 146174)
MADSEN LAW FIRM
551 Hartz Avenue, Suite B
Danville, California 94526
Telephone:  (925) 837-0900
Facsimile:   (925) 837-0905
Email:       Rick@MadsenLawFirm.com

Attorney for Plaintiff,
Leah Vogt

UNITED STATES DISTRICT COURT

IN THE NORTHERN DISTRICT OF CALIFORNIA

| Leah Vogt, | Case No.: |
|---|---|
| Plaintiff, | COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL |
| vs. | |
| California Highway Patrol ("CHP"); CHP Commissioner Joseph Farrow; CHP Officer Sean Harrington; CHP Officer Robert Hazelwood; CHP Officer Dion Simmons; individually and in their official capacities as peace officers; and DOES 1-100, | |
| Defendants. | |

COMES NOW Plaintiff, Leah Vogt, by and through her attorney of record, Richard A. Madsen, Jr., Esq., and for her Complaint herein against Defendants, California Highway Patrol ("CHP"); CHP Commissioner Joseph Farrow ("Commissioner"); CHP Officer Sean Harrington ("Harrington"); CHP Officer Robert Hazelwood ("Hazelwood"); CHP Officer Dion Simmons ("Simmons") individually, and in their official capacities as sworn peace officers; and DOES 1-100; and hereby states and alleges as follows:

## COMPLAINT AND JURY DEMAND

1. This action for damages arises under Title 42 U.S.C. §1983, the United States Constitution, the laws of the State of California, and common law principles.

Plaintiff lodges claims against Defendants including substantive due process violations of 42 U.S.C. §1983; conversion/civil theft, invasion of privacy, deliberately indifferent policies and training, and intentional infliction of emotional distress. Plaintiff demands a trial by jury.

## JURISDICTION AND VENUE

2. This Court has jurisdiction in this lawsuit because it concerns violations of federal law, involves diverse parties, and requires redress of events and deprivation of rights under color of law in the State of California. Plaintiff further invokes the jurisdiction of this Court under 28 U.S.C. §1367 to hear and adjudicate state law claims.

3. Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) because the events that gave rise to this Complaint occurred within Contra Costa County and/or Alameda County, which are within this judicial district.

4. There is no other pending civil action between these parties arising out of the same occurrence(s) as alleged in this Complaint, nor has any such action been previously filed and dismissed or transferred. There *is* a related civil action pending by a different plaintiff (Sramek vs. CHP, et al.; United States District Court, California Northern District Case No. 4:15-cv-04873) arising out of the same occurrence(s) as alleged in this Complaint.

5. All statutory claims requirements and administrative remedies have been met and exhausted as a condition precedent to the filing of this action. In compliance with California Government Code Section 910 et seq., Plaintiff filed an administrative claim for damages under the Tort Claims Act with the California Victim Compensation/Government Claims Board, which claim was rejected in its entirety on May 29, 2015.

## PARTIES

6. Plaintiff is, and at all times herein mentioned was, an individual female and a citizen of the United States residing in the County of San Joaquin, State of California.

7. Defendant, California Highway Patrol, ("CHP"), headquartered in Sacramento, California, is a division of the State of California in charge of patrolling state highways and is the state agency and public entity responsible for itself and for the events which give rise to this Complaint. This Defendant is also the employer of the individual Defendants and is a proper entity to be sued under 42 U.S.C. §1983.

8. Defendant CHP Commissioner Joseph Farrow, ("Commissioner") was, and is at all times herein mentioned, a sworn peace officer and the Commissioner of the California Highway Patrol. Commissioner Farrow has and does possess the responsibility, supervisory power, and authority for the planning, establishment, adoption, facilitation and training on all CHP policies and practices affecting the operation of the California Highway Patrol, and particularly, CHP's Patrol, Internal Affairs Investigations, Training Divisions, regulations, tactics, methods, and other operations and subdivisions presently unidentified to Plaintiff.

9. Defendant, CHP Officer Sean Harrington, sued herein in both his individual and official capacities, is and was at all relevant times, an individual and a citizen of the United States residing in the State of California. Harrington is or was a sworn peace officer and an employee of the California Highway Patrol, and all conduct described herein occurred while Harrington was working within the course and scope of his employment as an officer of the CHP, and acting within his official capacity under color of state law.

10. Defendant, CHP Officer Robert Hazelwood, sued herein in both his individual and official capacities, is and was at all relevant times, an individual and a citizen of the United States residing in the state of California. Hazelwood is or was a sworn peace officer and an employee of the California Highway Patrol, and all conduct described herein occurred while Hazelwood was working within the course and scope of his employment as an officer of the CHP, and acting within his official capacity under color of state law.

11. Defendant, CHP Officer Dion Simmons, sued herein in both his individual and official capacities, is and was at all relevant times, an individual and a citizen of the United States residing in the state of California. Simmons is or was a sworn peace officer and an employee of the California Highway Patrol, and all conduct described herein occurred while Simmons was working within the course and scope of his employment as an officer of the CHP, and acting within his official capacity under color of state law.

12. The true names and capacities, whether individual, corporate, associate, agent, or otherwise of other Defendants designated as "DOES" are unknown to Plaintiff, who therefore sue said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant designated herein as a "DOE" is legally responsible for the events and occurrences referred to herein, thereby causing the injuries and damages as herein alleged. Plaintiff prays leave to amend this Complaint to include their true names and capacities when the same can be ascertained and to include appropriate allegations.

13. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants and each of them, were the agents, servants, and employees of the other Defendants; that Defendants, and each of them, were at all times mentioned herein acting within the course, scope, purpose and authority of said agency and employment; that Defendants, and each of them, in doing the things alleged herein were acting with the full knowledge, permission and consent of each of their co-Defendants and co-conspirators, and that Defendants, and each of them, are responsible in some manner for the events and happenings herein.

## FACTUAL BACKGROUND

14. On or about August 6th, 2014, Leah Vogt was the driver and sole occupant of her vehicle on SR-84/Vallecitos near Ruby Hills Drive in Livermore, California, when she was involved in an automobile accident. Officers Sean Harrington and Officer Moore of the California Highway Patrol responded to the scene, and Ms. Vogt

was subsequently arrested by Officer Harrington for charges of Driving Under the Influence [C.V.C. §23153(a)].

15. Due to injuries sustained in the accident, Plaintiff was initially transported for medical evaluation and treatment at Valley Care Medical Center in Livermore, and then taken to the Santa Rita jail in Dublin, California. Officer Sean Harrington accompanied claimant to Valley Care Medical Center and took sole and exclusive possession of her cell phone.

16. While Plaintiff was receiving medical treatment and while under arrest in the custody of Officer Harrington, Plaintiff's purse, cell phone, and personal items were confiscated by Harrington as a matter of practice.

17. While in possession of Plaintiff's phone, Harrington illegally accessed her photo library and rifled through thousands of images stored on her phone in search of salacious photographs.

18. While on duty, and without the knowledge or consent of Plaintiff, Harrington chose and attached at least two (2) photographs to text messages he sent to himself from Plaintiff's mobile phone. The photographs were personal in nature, private, and showed Plaintiff in a bikini bathing suit.

19. The photos were then immediately distributed, shared, and offensively discussed with at least two other CHP Officers (Robert Hazelwood and Dion Simmons). Neither Hazelwood nor Simmons reported the theft or conduct to anyone within the CHP, but instead both actively participated in the injury to Plaintiff by engaging in a disturbing dialogue about Plaintiff's anatomy and physical appearance via a text message conversation with Harrington.

20. Officer Harrington admitted during an interview with Contra Costa County District Attorney Investigators on October 10, 2014, that he had stolen photographs from another victim "Jane Doe #1" and from Plaintiff, and had then forwarded them to other officers. Harrington said that this was not the first time he had unlawfully accessed the cell phone of a female arrestee. Harrington admitted he had

done this approximately half a dozen times in the last several years. Harrington said he first learned of this "scheme" when he was working in the CHP Los Angeles Office. Harrington said when he was assigned to the Dublin Office, he learned from other CHP Officers that they would access the cell phones of female arrestees and look for nude photographs of them. Harrington said if photographs were located, the officers would then text the photographs to other sworn members of the office and to non-CHP individuals. Harrington described the "scheme" as a game. The described conduct confirms the sanctioned pattern of ongoing criminal behavior and a custom, policy and practice by members of the California Highway Patrol and possibly non-sworn personnel which deprives citizens' of their constitutional rights, and shocks the conscience and offends the community's sense of decency.

21. As a result of the aforementioned warrantless and illegal search of Plaintiff's phone, and his theft of her personal and confidential photographs (and another similarly documented instance on August 29, 2014, involving Harrington and Hazelwood which is the subject of the related Sramek action), Harrington was charged by the Contra Costa County District Attorney with two felony violations of Penal Code Section 502(c)(2) [Theft and Copying of Computer Data] in Contra Costa County Superior Court Docket No. 171490-6, and he was ultimately convicted of those felony violations on or about January 27, 2015.

## ALLEGATIONS

22. Plaintiff is a woman and a "person" within the meaning of 42 U.S.C. §1983.

23. The data stored on Plaintiff's phone on August 6, 2014, was her personal and confidential property that she intended to keep private.

24. At all times hereinmentioned, Harrington, Hazelwood and Simmons were employed by CHP, and said agency and employer controlled the officers' daily work schedules, duties, locations, and scope.

25. At all times hereinmentioned, Harrington, Hazelwood and Simmons were acting in an official government capacity, were clothed with the authority of the California Highway Patrol, and were acting within the course and scope of their employment with the CHP and under the color of law.

26. A "special relationship" was established between Plaintiff and Harrington on the night of August 6th, 2014.

27. Without a warrant, and without consent, Harrington had no lawful reason to search Plaintiff's phone, and in fact, searched her phone unlawfully.

28. Harrington had no lawful reason to rifle through and review the images on Plaintiff's phone. Harrington had no lawful reason to take and retain the photos by sending them to his own phone. Harrington had no lawful reason to forward those photos; Hazelwood and Simmons had no lawful reason to receive them. There was no lawful reason for the officers to engage in an offensive and degrading dialogue about Plaintiff who was the subject of the illegally obtained photographs.

29. On information and belief, sworn CHP Officers regularly rifle through the phones of female citizens without their permission or a warrant, searching for salacious photos.

30. On information and belief, sworn CHP Officers regularly steal and share the salacious photos with each other and with other non-sworn employees and individuals outside the CHP.

31. On information and belief on August 6, 2014, CHP and its Commissioner were aware that its officers were conducting warrantless searches of citizens' phones for the purpose of prying and stealing photos, and sharing the photos they stole amongst themselves; yet, no action was taken to stop or correct its officers.

32. On information and belief, a continuing pattern and practice of this and other illegal and conspiratorial misconduct was known to supervisorial CHP officers and has long been ongoing by Harrington, Hazelwood, Simmons, and other members of the California Highway Patrol. On information and belief, this misconduct has

included: stealing and distributing personal and private photographs of female arrestees; engaging in a "game" known as "Chicken in the Pot" (whereby CHP officers broadcast real-time traffic stops of attractive females to other on-duty officers to respond and snap roadside photographs of the detained females); and using personal information of female detainees/arrestees obtained in the course of official CHP investigations for inappropriate off-duty personal contact.

33. CHP and its Commissioner failed to properly train its officers, including Harrington, on the lawful and permissible scope of a search incident to an arrest. CHP failed to properly train its officers, including Harrington, on the necessity of securing a warrant in advance of conducting a search and seizure of a citizen's phone and the data stored on it.

34. CHP and its Commissioner failed to properly train its officers, including Harrington, Hazelwood, and Simmons, on preserving the privacy of its citizens it is sworn to protect.

35. CHP and its Commissioner failed to monitor and manage its officers to ensure that the privacy and security citizens enjoy in their mobile phones are not compromised when they come into contact with improperly trained CHP Officers.

36. CHP and its Commissioner has supervisory liability in that it had actual or constructive knowledge that its employed sworn officers were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the Plaintiff.

37. CHP and its Commissioner's response to that knowledge was inadequate and reflects deliberate indifference and tacit authorization of these offensive practices.

///

///

///

## FIRST CAUSE OF ACTION

**(Denial of Fourth Amendment Protection from Warrantless Search and Seizure, as to California Highway Patrol ("CHP"); CHP Commissioner Joseph Farrow; CHP Officer Sean Harrington)**

38. Plaintiff realleges and incorporates herein by reference each and every allegation set forth above.

39. The Fourth Amendment to the U.S. Constitution protects citizens from unreasonable searches and seizures.

40. On August 6, 2014, CHP, by and through Harrington, did not possess a warrant to rifle through the data and images on Plaintiff's mobile phone in connection with a DUI detention/arrest.

41. On August 6, 2014, CHP, by and through Harrington, did not possess a warrant to usurp Plaintiff's privacy and control of her cell phone and send text messages to himself from Plaintiff's phone under her name.

42. On August 6, 2014, CHP, by and through Harrington, did not possess a warrant to distribute a copy of Plaintiff's private photos to himself or to anyone else.

43. Nonetheless, CHP, by and through Harrington, took each of those actions.

44. CHP, by and through Harrington, did not detain Plaintiff or issue her a citation on August 6, 2014, for using her phone while driving, or for any other crime or infraction incidental to her cell phone.

45. It was not harmless, necessary, or reasonable for CHP, by and through Harrington, to rifle through the photos on Plaintiff's phone to determine whether she was impaired while driving.

46. The within-described conduct is in accord with the "scheme" as described by Harrington to investigators, and confirms the sanctioned pattern of ongoing criminal behavior and a custom, policy and practice by the California Highway Patrol and its sworn officers and members, which deprives citizens' of their constitutional rights.

47. Defendant acted intentionally, purposefully, maliciously, recklessly, and with callous indifference to Plaintiff's rights. At all times relevant hereto, Defendants

were acting under the color of state law. Defendants knew or should have known of these rights at the time of the complained of conduct, as they were clearly established at that time. The acts or omissions of these Defendants, as described herein, deprived Plaintiff of her constitutional and statutory rights and caused her damages. The herein-described conduct by law enforcement officials shocks the conscience and offends the community's sense of decency.

48. The misconduct of CHP, by and through Harrington, violated 42 U.S.C. §1983 which provides in part:

> "Every person, who under color of any statute, ordinance, regulation, custom or usage of any state ... subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress ..."

49. Defendants' actions were intentionally carried out with the express purpose of causing Plaintiff to suffer harm, humiliation, mental anguish, and emotional and physical distress. The conduct and actions of Defendants, and each of them, was wanton, reckless, and willful, and were undertaken with reckless disregard and indifference to the rights and interests of Plaintiff, especially in light of the duty of care owed to Plaintiff. Finally, as a direct and proximate result of Defendants' actions, the Plaintiff did in fact suffer serious and severe humiliation, mental anguish, and emotional and physical distress as a result of Defendants' conduct.

## SECOND CAUSE OF ACTION

**(Denial of Fourteenth Amendment Right to Due Process, as to as to California Highway Patrol ("CHP"); CHP Commissioner Joseph Farrow; CHP Officer Sean Harrington)**

50. Plaintiff realleges and incorporates herein by reference each and every allegation set forth above.

51. Under the Fourteenth Amendment to the U.S. Constitution, no citizen shall be deprived of life, liberty, or property without due process of law.

52. CHP, by and through Harrington, denied Plaintiff due process by searching her phone and seizing photographs from it without her consent and without a warrant.

53. The search and seizure was not harmless, necessary or reasonable since Harrington had no need to rifle through the photos on Plaintiff's phone to determine whether she was impaired by alcohol while driving.

54. The within-described conduct is in accord with the "scheme" as described by Harrington to investigators, and confirms the sanctioned pattern of ongoing criminal behavior and a custom, policy and practice by the California Highway Patrol and its sworn officers and members, which deprives citizens' of their constitutional rights.

55. Defendants acted intentionally, purposefully, maliciously, recklessly, and with callous indifference to Plaintiff's rights. At all times relevant hereto, Defendants were acting under the color of state law. Defendants knew or should have known of these rights at the time of the complained of conduct, as they were clearly established at that time. The acts or omissions of these Defendants, as described herein, deprived Plaintiff of her constitutional and statutory rights and caused her damages. The herein-described conduct by law enforcement officials shocks the conscience and offends the community's sense of decency.

56. The misconduct of CHP, by and through Harrington, violated 42 U.S.C. §1983.

57. Defendants' actions were intentionally carried out with the express purpose of causing Plaintiff to suffer harm, humiliation, mental anguish, and emotional and physical distress. The conduct and actions of Defendants, and each of them, was wanton, reckless, and willful, and were undertaken with reckless disregard and indifference to the rights and interests of Plaintiff, especially in light of the duty of care owed to Plaintiff. Finally, as a direct and proximate result of Defendants' actions, the Plaintiff did in fact suffer serious and severe harm, humiliation, mental anguish, and emotional and physical distress as a result of Defendants' conduct.

## THIRD CAUSE OF ACTION

**(Denial of Fourteenth Amendment Right to Equal Protection, as to California Highway Patrol ("CHP"); CHP Commissioner Joseph Farrow; CHP Officer Sean Harrington)**

58. Plaintiff realleges and incorporates herein by reference each and every allegation set forth above.

59. Under the Fourteenth Amendment to the U.S. Constitution, no citizen shall be denied equal protection of the law.

60. CHP, by and through Harrington, denied Plaintiff equal protection on account of her gender by unlawfully searching her phone and seizing therefrom naked photos of her, without her consent and without a warrant.

61. On information and belief, Harrington disseminated Plaintiff's photos to other CHP officers, non-sworn personnel, and individuals outside CHP.

62. Harrington's seizure and review of Plaintiff's phone caused Plaintiff to be detained against her will longer than necessary to affect the DUI investigation.

63. The within-described conduct is in accord with the "scheme" as described by Harrington to investigators, and confirms the sanctioned pattern of ongoing criminal behavior and a custom, policy and practice by the California Highway Patrol and its sworn officers and members, which deprives citizens' of their constitutional rights.

64. Defendants acted intentionally, purposefully, maliciously, recklessly, and with callous indifference to Plaintiff's rights. At all times relevant hereto, Defendants were acting under the color of state law. Defendants knew or should have known of these rights at the time of the complained of conduct, as they were clearly established at that time. The acts or omissions of these Defendants, as described herein, deprived Plaintiff of her constitutional and statutory rights and caused her damages. The herein-described conduct by law enforcement officials shocks the conscience and offends the community's sense of decency.

65. The misconduct of CHP, by and through Harrington, violated 42 U.S.C. §1983.